**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **RODOLFO CASARES,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Cause No. EP-25-CV-359-LS** |
| | § | |
| **CHARISMA EDGE, *Warden*, FCI La Tuna,** | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Rodolfo Casares, Federal Prisoner Number 07059-180, challenges the execution of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] His opposed petition is dismissed for failure to exhaust his administrative remedies.

**BACKGROUND**

Casares is a 50-year-old prisoner who was confined to the La Tuna Federal Correctional Institution in Anthony, Texas, when he filed his petition.[2] He is currently incarcerated at the Federal Correctional Institution in Seagoville, Texas. His projected release date is October 20, 2034.

Casares was found guilty by a jury of conspiring to possess with intent to distribute more than one kilogram of heroin, more than 500 grams of methamphetamine, and more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A), as well as possessing with intent to distribute 1.96 kilograms of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 2.98 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).[3] He received a three-level upward adjustment to his base offense level

---

[1] Pet'r's Pet., ECF No. 1.
[2] *See* Federal Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. 07059-180, last visited August 14, 2025).
[3] *United States v. Casares*, 654 F. App'x 199, 200 (5th Cir. 2016).

due to his manager/supervisor role in a criminal activity involving five or more participants.[4] He was sentenced to an aggregate term of 25 years' imprisonment.[5]

Casares challenges "the manner in which Good Time Credits, First Step Act Credits, and Second Chance Act Credits are applied, and [his projected] release date is determined."[6] He argues that his projected release date "is contrary to the First Step Act (FSA), the Second Chance Act (SCA) and the Bureau of Prisons (BOP) mandate."[7] He asserts that the BOP is not applying SCA credits to his sentence. *Id.* He specifically maintains that he is entitled to FSA earned time credits from April 15, 2020, to July 14, 2025.[8] He contends that if the BOP had properly applied his FSA earned time credits, he would have been placed in a residential reentry center on or about February 10, 2025. He asks that the Court order Respondent Warden Charisma Edge "to properly provide all Good Time, First Step Act, and Second Chance Act Credits that [he] is entitled to."[9]

Warden Edge maintains that the Court should dismiss or deny Casares' petition.[10] She argues that (1) Casares has not exhausted his administrative remedies, (2) Casares is not eligible to earn FSA time credits, and (3) Casares' prerelease custody under the SCA is a designation decision within the discretion of the BOP which does not affect the duration of his confinement and is not properly raised in a habeas petition.[11]

---

[4] *United States v. Casares*, 2:14-cr-653-NGR-1 (S.D. Tex.), Trial Tr. (Sentencing), ECF No. 91 at 6:23-6:25; 9:3-9:5.
[5] *Id.*, J. Crim. Case, ECF No. 76.
[6] Pet'r's Pet., ECF No. 1 at 1.
[7] *Id.* at 2.
[8] *Id.* at 3.
[9] *Id.* at 5.
[10] Resp't's Resp., ECF No. 5 at 1.
[11] *Id.* at 1–2.

## STANDARD OF REVIEW

A prisoner's "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus."[12] A prisoner may attack "the manner in which his sentence is carried out or the prison authorities' determination of its duration" through a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[13] To prevail, a prisoner must show that he is in custody in violation of the Constitution or laws or treaties of the United States."[14]

## ANALYSIS

Casares' BOP administrative remedy history shows that during his term of imprisonment he has not submitted any administrative remedy requests related to his FSA earned time credits or transfer to a residential reentry facility or home confinement under the SCA.[15] Casares argues "[t]o require the exhaustion of administrative remedies in a habeas corpus claim would be to create a rule that abrogates a Constitutional right which is prohibited."[16] He is wrong.[17]

The Fifth Circuit has long held that the BOP should be permitted to administratively rectify an error if it fails to properly calculate a sentence.[18] "In the event that a prisoner feels he has been improperly refused credit for time he has served in … custody, the prisoner must first 'seek administrative review of the computations of [his] credit, and, once [he has] exhausted [his] administrative remedies, [the] prisone[r] may only then pursue judicial review of these

---

[12] *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).
[13] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).
[14] 28 U.S.C. § 2241(c).
[15] *See* Resp't's Resp., Attach. 3 (Administrative Remedy Generalized Retrieval), ECF No. 5-4.
[16] Pet'r's Pet., ECF No. 1 at 5.
[17] *United States v. Setser*, 607 F.3d 128, 133 (5th Cir. 2010).
[18] *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991).

computations.'"[19]

While there are exceptions to the exhaustion requirement "where the available administrative remedies either are unavailable or wholly inappropriate to the relief a prisoner seeks, or where the attempt to exhaust such remedies would itself be a patently futile course of action," such exceptions apply only in "extraordinary circumstances."[20] And a petitioner bears the burden of demonstrating such circumstances.

Consequently, Casares "must first pursue all available administrative remedies" before seeking relief under § 2241.[21] And his exhaustion in this context means "proper exhaustion," including his compliance with all administrative deadlines and procedures established by the BOP.[22]

The Court finds that Casares has failed to exhaust his administrative remedies or carry his burden of proving the futility of an administrative review.[23] It notes that dismissal on this basis alone is warranted.[24]

Further, Casares claims he is entitled to earn FSA time credits, specifically during the time frame of April 15, 2020, through July 14, 2025.[25] But he is ineligible under 18 U.S.C. §

---

[19] *Setser*, 607 F.3d at 133 (quoting *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992)); *see also Falcetta v. United States*, 734 F. App'x 286, 287 (5th Cir. 2018) (holding that "dismissal for lack of jurisdiction was appropriate because [the petitioner] failed to show that he exhausted his sentencing credit claim fully through the multi-step BOP exhaustion procedure prior to filing his § 2241 petition.").
[20] *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (citations omitted).
[21] *Fillingham v. United States*, 867 F.3d 531, 535 (5th Cir. 2017).
[22] *Cf. Woodford v. Ngo*, 548 U.S 81, 90 (2006) (discussing exhaustion in the context of the Prison Litigation Reform Act).
[23] *See Fuller*, 11 F.3d at 62 (explaining federal prisoners must exhaust "administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241.").
[24] *See Rivkin v. Tamez*, 351 F. App'x 876, 877–78 (5th Cir. 2009) (per curiam) (affirming dismissal of prisoner's § 2241 petition for failure to exhaust administrative remedies).
[25] Pet'r's Pet., ECF No. 1 at 3.

3632(d)(4)(D)(lxvii) to earn FSA time credits because he was (1) convicted of possessing with intent to distribute 1.96 kilograms of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and (2) a manager/supervisor of an offense involving five or more participants.

Finally, a federal inmate does not have "a constitutional right to be housed in a particular place or any constitutional right to early release."[26] The designation of a federal inmate's place of imprisonment is the BOP's responsibility, and the BOP's designation decision is not subject to judicial review.[27] Since a federal inmate's prerelease custody placement in a residential reentry center or home confinement under the SCA is merely a designation decision, Casares cannot show that he is "in custody in violation of the Constitution or laws or treaties of the United States."[28]

**CONCLUSIONS AND ORDERS**

The Court concludes that Casares has failed to exhaust his administrative remedies. The Court accordingly enters the following orders:

**IT IS ORDERED THAT** Petitioner Rodolfo Casares' "Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241" (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his administrative remedies.

**IT IS FURTHER ORDERED THAT** all pending motions are **DENIED**.

**IT IS FINALLY ORDERED THAT** the District Clerk shall **CLOSE** this case.

**IT IS SO ORDERED**.

---

[26] *Cheek v. Warden of Fed. Med. Ctr.*, 835 F. App'x 737, 740 (5th Cir. 2020) (per curiam) (citing *Wottlin v. Fleming*, 136 F.3d 1032, 1037 (5th Cir. 1998); *Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir. 1998)).
[27] *See* 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court.").
[28] *See* 28 U.S.C. § 2241(c)(3).

**SIGNED** this 17th day of August 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**